IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JOHN SPATES,            )
    Plaintiff,         )
                       )
v.                      )     Civil No. 3:18-cv-1305
                       )     Judge Richardson/Frensley
DARREN DOUGLAS,         )
    Defendant.         )

## REPORT AND RECOMMENDATION

Pending before the Court is the pro se prisoner Plaintiff's Motion Requesting an Injunction. Docket No. 24. For the reasons stated herein, the undersigned recommends that the motion be DENIED.

## BACKGROUND

The Plaintiff is an inmate in the Tennessee Department of Correction currently housed at the Northeast Correctional Complex in Mountain City, Tennessee. He filed this pro se action under 42 U. S. C. § 1983 against the Trousdale Turner Correction Center ("TTCC") and others alleging violation of his Eight Amendment right to be free from excessive force. Plaintiff's action was originally filed in the Western District of Tennessee but transferred to this district in that all of his claims in the instant lawsuit arose out of alleged conduct while he was housed at TTCC. Docket No. 7. Apparently after filing this action, Plaintiff was transferred to the Northeast Correction Complex in Mountain City, Tennessee. That facility is located in the Eastern District of Tennessee.

Plaintiff's instant motion requests that the Court grant an injunction. Docket No. 24. In the motion he asserts that he is housed at Northeast Correctional Complex in Mountain City, Tennessee where he is "continually being harassed and being denied access to the law library as

he is researching . . . ." *Id.* He seeks an injunction to "protect him from the unlawful reading of his case by prison officials." *Id.* He identifies employees of the Northeast Correctional Complex as the individuals allegedly denying him access to the law library and confidentiality of his legal filings." *Id.*

## ANALYSIS

### A.  STANDARD OF REVIEW

Plaintiff Spates has the burden of showing that he is entitled to a preliminary injunction. He must show that he is "likely to succeed on the merits," and that he is "likely to suffer irreparable harm in the absence of injunctive relief, that the balance of equities tip in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.,* 555 U. S. 7, 22-23, 129 S. Ct. 365, 172 L. Ed 2d 249 (2008); *see also Cooper v. Honeywell, Int'l, Inc.* 884 F. 3d 612, 615-16 (6th Cir. 2018).

The plaintiff bears the burden of demonstrating his entitlement to a preliminary injunction, and his burden is a heavy one. Injunctive relief is "an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't.*, 305 F. 3d 566, 573 (6th Cir. 2002). Further, where a prison inmate seeks an order enjoining state prison officials, this court is required to proceed with the utmost care and must be cognizant of the unique nature of the prison setting. *See, Kendrick v. Bland*, 740 F. 2d 432, 438, n. 3 (6th Cir. 1984).

An injunction "should not issue when it deals with a matter lying wholly outside the issues in the suit. *Corsetti v. Hackel,* 2012 WL 4955275 (E. D. Mich., Sept. 26, 2012)(internal quotation marks omitted). A motion for preliminary injunctive relief is not the appropriate method for a Plaintiff "to use in an attempt to address other issues unrelated to his original complaint."

2

*Hendricks v. Hazzard,* 2013 WL 2635729, at *3 (S. D. Ohio, June 12, 2013)(Report and Recommendation)(Kemp, M. J.), adopted, 2013 WL 5944082, at *4 (S. D. Ohio Nov. 5, 2013). Rather, the purpose of injunctive relief "is simply to preserve the status quo." *United States v. Edward Rose & Sons*, 384 F. 3d 258, 261 (6th Cir. 2004). "A basic showing necessary for obtaining a preliminary injunction is that there must be some relationship between the conduct giving rise to the claims in the complaint and the injuries sought to be prevented by the motion for preliminary injunctive relief." *Beasley v. Westbrooks*, 2017 WL 4150462, at *2 (M. D. Tenn. Sept. 19, 2017)(citation omitted). Typically, injunctive relief cannot be directed at individuals who are not Defendants in the present action. *See In Re: NAACP*, 849 F. 2d 1473 (Table), 1988 WL 61504, at *3 (6th Cir. June 3, 1988)

### B. THE CASE AT BAR

Plaintiff's Complaint arises out of conduct that allegedly occurred at TTCC in the Middle District of Tennessee. Docket No. 1. Plaintiff is currently housed in the Eastern District of Tennessee and all of the allegations which support his claim for injunctive relief have occurred and are occurring in the Eastern District of Tennessee. They involve not only a separate institution than that named in his Complaint but separate individuals as well. Docket No. 24. Because the Court is without authority to grant an injunction as to these nonparties, the undersigned recommends that the Plaintiff's Motion (Docket No. 24) be DENIED.

Even if the Court had the ability to grant the relief requested in Plaintiff's motion, he has failed to satisfy the requirements for the issuance of an injunction. Based upon the filings in this matter it is clear that he has access to the Court. His own motion allows that the alleged breech of confidentiality occurs in the law library while he is working on his case indicating he has access to legal materials to research his claims. Finally, the alleged demand that Plaintiff allow his "court
3

filings" to be reviewed does not impact his confidentiality insofar as any matters filed with the Court would be public records. For these reasons as well, Plaintiff's Motion should be DENIED

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

                                                   **JEFFERY S. FRENSLEY**
                                                   **U. S. District Magistrate Judge**